

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND and its Trustees RICHARD A. BAGGIO, DOUGLAS BANNISTER, TIM COLEMAN, MELVIN GRAY, JEFFREY ISAACSON, BENJAMIN JOHNSTON, J. DAVID PEPPER, ROBERT QUANSTROM, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and its Trustees RICHARD A. BAGGIO, DOUGLAS BANNISTER, TIM COLEMAN, MELVIN GRAY, JEFFREY ISAACSON, BENJAMIN JOHNSTON, FRANK LIBBY, J. DAVID PEPPER, ROBERT QUANSTROM, THOMAS S. RAKOW, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINING PROGRAM and its Trustees RICHARD A. BAGGIO, TODD H. HARRIS, JEFFREY ISAACSON, KEITH JUTKINS, ALBERT L. LEITSCHUH, RANDY R. MEYER, BRUCE A. NELSON, J. DAVID PEPPER, JAMES A. SIKICH and MARTIN C. UMLAUF; and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND and its Trustees RICHARD A. BAGGIO, KENNETH BORG, JOSEPH FELDNER, J. DAVID PEPPER, and MARTIN C. UMLAUF, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HALPER BUILDERS, INC., an Illinois corporation and MICHAEL HALPER, individually, | ) ) ) ) |
| Defendants. | ) |

**ORIGINAL**

2005 JAN 18 AM 9:57
U.S. DISTRICT COURT

05C 0279

**JUDGE PALLMEYER**

**MAGISTRATE JUDGE DENLOW**

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND

("Pension Fund"), CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND

("Welfare Fund"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trainee Fund") and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("Labor/Management Fund") (hereinafter, collectively the "Trust Funds"), and their respective trustees, by their attorney, Kevin P. McJessy, complain of Defendants HALPER BUILDERS, INC. an Illinois corporation and MICHAEL HALPER, individually ("Defendants"), as follows.

## SUMMARY OF ACTION

The Trust Funds bring this action against the Defendants under ERISA for collection of unpaid contributions, interest and liquidated damages due and owing pursuant to the Area Agreements and the Trust Agreements.

## JURISDICTION

1. This Court has jurisdiction over this matter based on questions arising under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185).

## VENUE

2. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans, which are located in and administered in Chicago, Illinois.

## THE PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to Area Agreements ("Area Agreements") between the employers and the Chicago and Northeast Illinois District Council of Carpenters, successor of the Chicago District Council of Carpenters (hereinafter referred to as the "Union") and, therefore, the Trust Funds are multi-employer plans.

2

(29 U.S.C. §1002). The Trust Funds provide medical, pension, training and other benefits to Union carpenters and other persons pursuant to certain terms and conditions.

4. Halper Builders, Inc. is an employer engaged in an industry affecting commerce which, on July 12, 1993, entered into an Agreement (Exhibit A) whereby it agreed to be bound by the provisions of an Area Agreement and subsequent Area Agreements. On information and belief, Halper Builders, Inc. was involuntarily dissolved by the Illinois Secretary of State.

5. On information and belief, Michael Halper is the president and owner of Halper Builders, Inc.

## GENERAL ALLEGATIONS

6. The Agreement and the Area Agreements bind the Defendants to the provisions of the Trust Agreement of the Chicago District Council of the United Brotherhood of Carpenters and Joiners of America and Builders Association of Chicago which establishes the Pension Fund, to the provisions of the Trust Agreement which establishes the Welfare Fund, and to the provisions of the Chicago District Council of Carpenters Apprentice and Trainee Program Trust Agreement which establishes the Trainee Fund and to the provisions of the Labor/ Management Union Carpentry Cooperation Promotion Fund Trust Agreement which establishes the Labor/Management Fund (hereinafter collectively referred to as the "Trust Agreements").

7. The Agreement, the Trust Agreements and the Area Agreements require Defendants to submit monthly contribution reports and to pay fringe benefits to the Trust Funds.

8. The Agreement, the Trust Agreements and Area Agreements require Defendants to contribute to the Trust Funds for each hour worked by Defendants' carpenter employees at the rate and in the manner specified in the Area Agreements and the Trust Agreements.

3

9. Defendants failed to submit contribution reports to the Trust Funds and failed to pay contributions owed to the Trust Funds.

## COUNT 1

10. The Pension Fund hereby incorporates paragraphs 1- 9 above as though fully set forth herein.

11. Defendants breached the provisions of the Agreement and the Area Agreement by failing to submit contribution reports to the Trust Funds and by failing to pay amounts that they owe to the Pension Fund based upon the hours worked by employees.

12. The Area Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

13. The Pension Fund has complied with all conditions precedent in bringing this suit.

14. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendants owe the Pension Fund.

15. Defendants must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or 1132(g)(2)(D).

16. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

17. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in their favor which orders Defendants:

4

A.      to perform and continue to perform all obligations they have undertaken;

B.      to submit overdue contribution reports to the Trust Funds;

C.      to pay amounts that they owe to the Pension Fund based upon the hours worked by employees;

D.      to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

E.      to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

F.      to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action pursuant to 29 U.S.C. §1132(g)(1) and/or 1132(g)(2)(D);

G.      to submit contribution reports and contributions that are due to the Pension Fund on a timely basis;

H.      and further orders that the Pension Fund have such other and further relief as the Court deems just and equitable.

## COUNT II

18.     The Welfare Fund hereby incorporates paragraphs 1 - 9 above as though fully set forth herein.

19.     Defendants breached the provisions of the Agreement and the Area Agreement by failing to submit contribution reports to the Trust Funds and by failing to pay amounts that they owe to the Welfare Fund based upon the hours worked by employees.

20.     The Area Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

21.     The Welfare Fund has complied with all conditions precedent in bringing this suit.

22.     The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that defendants owe the Welfare Fund.

23.     Defendants must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or 1132(g)(2)(D).

5

24. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

25. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendants:

A. to perform and continue to perform all obligations they have undertaken;

B. to submit overdue contribution reports to the Trust Funds;

C. to pay amounts that they owe to the Welfare Fund based upon the hours worked by employees;

D. to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

E. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C), whichever is greater;

F. to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action pursuant to 29 U.S.C. §1132(g)(1) and/or 1132(g)(2)(D);

G. to submit contribution reports and contributions that are due to the Welfare Fund on a timely basis;

H. and further orders that the Welfare Fund have such other and further relief as the Court deems just and equitable.

## COUNT III

26. The Trainee Fund hereby incorporates paragraphs 1 - 9 above as though fully set forth herein.

27.     Defendants breached the provisions of the Agreement and the Area Agreement by failing to submit contributions reports to the Trust Funds and by failing to pay amounts that they owe to the Trainee Fund based upon the hours worked by employees.

28.     The Area Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

29.     The Trainee Fund has complied with all conditions precedent in bringing this suit.

30.     The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendants owe the Trainee Fund.

31.     Defendants must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or 1132(g)(2)(D).

32.     This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

33.     This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendants:

A.     to perform and continue to perform all obligations they have undertaken;

B.     to submit overdue contribution reports to the Trust Funds;

C.     to pay amounts that they owe to the Trainee Fund based upon the hours worked by employees;

D.     to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

7

E.      to pay interest or liquidated damages on the amount that is due pursuant to 29
        U.S.C. §1132(g)(2)(C), whichever is greater;

F.      to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this
        action pursuant to 29 U.S.C. §1132(g)(1) and/or 1132(g)(2)(D);

G.      to submit contribution reports and contributions that are due to the Trainee Fund
        on a timely basis;

H.      and further orders that the Trainee Fund have such other and further relief as the
        Court deems just and equitable.

## COUNT IV

34.     The Labor/Management Fund hereby incorporates paragraphs 1 - 9 above as
though fully set forth herein.

35.     Defendants breached the provisions of the Agreement and the Area Agreement by
failing to submit contribution reports to the Trust Funds and by failing to pay amounts that they
owe to the Labor/Management Fund based upon the hours worked by employees and/or
subcontractors.

36.     The Area Agreements require Defendants to pay liquidated damages, auditor fees,
and all attorneys' fees and court costs that the Labor Management Fund incurs in the collection
process.

37.     The Labor/Management Fund has complied with all conditions precedent in
bringing this suit.

38.     The Labor/Management Fund has been required to employ the undersigned
attorneys to collect the amounts that Defendants owe the Labor/Management Fund.

39.     Defendants must pay attorneys' fees and court costs that the Labor/Management
Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

40.     This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §
1132(g)(2)(B), interest on the amount due.

41. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendants:

A. to perform and continue to perform all obligations they have undertaken;

B. to submit overdue contribution reports to the Trust Funds;

C. to pay amounts that they owe to the Labor/Management Fund based upon the hours worked by employees;

D. to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B);

E. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C), whichever is greater;

F. to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action pursuant to 29 U.S.C. §1132(g)(1) and/or 1132(g)(2)(D);

G. to submit contribution reports and contributions that are due to the Labor/Management Fund on a timely basis;

H. and further orders that the Labor/Management Fund have such other and further relief as the Court deems just and equitable.

CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM and their respective TRUSTEES,

By: _____
One of their attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 (telephone)
(773) 880-1265 (facsimile)

# EXHIBIT A

# AGREEMENT

FIRM _Halper Builders Inc._ Address _16140 S. Leach_

City _Lockport_ State _Il._ Zip _60441_ Phone _815-838-9263_

THIS AGREEMENT is entered into between CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DU PAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE, MC HENRY AND WILL COUNTIES, ILLINOIS, hereinafter sometimes referred to as the "UNION" and

_Halper Builders Inc._

hereinafter referred to as "EMPLOYER"

The EMPLOYER and the UNION do hereby agree as follows:

1. EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the Employees of the EMPLOYER coming within the territorial and occupational jurisdiction of the UNION.

2. EMPLOYER agrees to be bound by the terms of the Trust Agreements of the fringe benefit trust funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 3 hereof and all rules and regulation adopted by the Trustees thereof, and agrees to make prompt payments of the per hour contributions with respect to each such Trust Fund.

3. EMPLOYER and the UNION hereby incorporate by reference and agree to be bound through their respective expiration dates by each of the Area Agreements in effect on December 31, 1983 negotiated between subordinate bodies of the United Brotherhood of Carpenters and Joiners of America and certain Employers Associations in counties of Illinois which, effective, on or after January 1, 1984, make up the geographic jurisdiction of the Chicago and Northeast Illinois District Council of Carpenters.

page 1 of 2

4. EMPLOYER and the UNION hereby agree to be bound by the Area Agreements negotiated between the Chicago and Northeast Illinois District Council of Carpenters and the various Employer Associations for the period beginning with the expiration date of the several Agreements referred to in numbered paragraph 3 thereof and ending on the expiration dates of any sucessor Agreements thereto from year to year thereafter unless the Employer gives written notice to the UNION of a desire to amend or terminate any of such Agreements at least three calendar months prior to the expiration of such Agreement or Agreements.

IN WITNESS WHEREOF, the parties have executed this Agreement the ___12___ day of ___July___, 19_93_.

EMPLOYER: _Halper Builders Inc._   CHICAGO AND NORTHEAST ILLINOIS
                                     DISTRICT COUNCIL OF CARPENTERS

BY: _Michael J. Halper    President_
    (Print or Type Name) (Title)

_____        _____
(Signatures)                   Business Representative